UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

KIMON MITCHELL                                                    PLAINTIFF

VERSUS                                                    NO. 3:13-CV-281-BAJ-RLB

DIPTI MEHTA AND HER UNKNOWN INSURANCE
COMPANY, ABC INSURANCE COMPANY,
SHELL CHEMICAL, LP, AND THEIR INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE COMPANY AND
ENTERPRISE RENT-A-CAR AND THEIR INSURANCE
COMPANY, ACE AMERICAN INSURANCE COMPANY          DEFENDANTS

## ANSWER WITH JURY REQUEST

NOW INTO COURT, through undersigned counsel, come the defendants, Dipti Mehta and ACE American Insurance Company ("ACE"), who reserve their Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) and/or Motion to Strike pursuant to Fed. R. Civ. P. 12(f), but, subject to and without waiving same, generally deny the Petition for Personal Injuries and Damages filed by Kimon Mitchell, further averring as follows:

## FIRST DEFENSE

These defendants reserve the Rule 12 Motions which were separately filed in response to Paragraph VII(o), and all other responses herein are presented subject to and without waiving those Motions.

## SECOND DEFENSE

The Petition for Personal Injuries and Damages fails to state a claim upon which relief can be granted as to ACE American Insurance Company.  Paragraph VI of said pleading alleges that ACE issued a policy of insurance to "Enterprise Rent-A-Car," allegedly making it a proper party defendant.  The plaintiff filed a Motion to Dismiss the defendant Enterprise Rent-A-Car,

and there are no other allegations contained in the Petition as to the liability of ACE. The pleadings by the plaintiff are devoid of any other allegation connecting ACE to any other defendant.

### THIRD DEFENSE

Subject to and without waiving the Rule 12(e) Motion for Definite Statement and/or Rule 12(f) Motion to Strike, set forth above, in specific response to the allegations set forth in the Petition for Personal Injuries and Damages, these defendants respond:

I.

The allegations contained in paragraph I are denied for lack of sufficient information to justify a belief therein.

II.

In response to the allegations set forth in paragraph II, Ms. Mehta responds that she is a citizen of the Republic of India temporarily residing in the United States of America pursuant to an L1 Visa which allows her to be present in this country and that she lives in Gonzales, Louisiana. She further admits that she is over the age of 18 years. ACE admits that it is a foreign insurer which is authorized to do and does business within the jurisdiction of this Honorable Court. Both defendants deny any allegations of indebtedness unto the petitioner. These defendants further respond that any remaining allegations set forth in paragraph II require no response by them.

III.

In response to the allegations set forth in paragraph III, Ms. Mehta admits that she was employed at Shell Chemical on August 23, 2012, that she was operating a rental vehicle obtained from EAN Holdings, LLC (not Enterprise Rent-A-Car Company) and that a collision occurred as

she was leaving the Shell facility and turning onto Highway 75.  All remaining allegations set forth in paragraph III are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in paragraph IV are denied as written.

V.

The allegations contained in paragraph V require no response by these defendants.

VI.

The allegations contained in paragraph VI are denied as written.  ACE admits that it issued a policy of insurance to the parent company of EAN Holdings, LLC, which policy is a written document and as such is the best evidence of terms, conditions and limitations, which are pleaded as if copied herein *in extenso*.  Any allegations which attempt to enlarge or broaden the terms of said coverage are specifically denied.

VII.

The defendants deny the allegations set forth in paragraph VII except as to subparagraph (o) to which these defendants reassert their Motion for more Definite Statement and/or Motion to Strike pursuant to Fed. R. Civ. P. 12(e) and/or 12(f), as set forth above.

VIII.

The allegations set forth in paragraph VIII require no response by these defendants who, out of an abundance of caution, deny that Dipti Mehta was not properly trained as a driver.

IX.

These defendants generally deny the allegations set forth in paragraph IX and further aver that the defendant misidentified as "Enterprise Rent-A-Car" is subject to a dismissal by the plaintiff.  To the extent that any further response is required by Enterprise Rent-A-Car, all

allegations against it are denied.

## X.

These defendants deny the allegations set forth in paragraph X.

## XI.

These defendants deny the allegations contained in paragraph XI for lack of sufficient information to justify a belief therein.

## XII.

These defendants deny the allegations contained in paragraph XII.

## XIII.

These defendants deny the allegations set forth in paragraph XIII.

## XIV.

These defendants deny the allegations set forth in paragraph XIV.

## XV.

The allegations set forth in paragraph XV setting forth a Request for Notice require no response by these defendants.

## XVI.

These defendants join the plaintiff in his request for trial by jury on all issues.

## XVII.

Any allegations set forth in the unnumbered paragraph of the prayer are denied.

## **FOURTH DEFENSE**

These defendants affirmatively and alternatively aver that the acts of the plaintiff, Kimon Mitchell, caused or contributed to the accident upon which this litigation is based, in his operation of a vehicle at an excessive rate of speed under the circumstances, his failure to

maintain control of his vehicle, his failure to see what he could and should have seen and his failure to exercise a last clear chance to avoid a collision, all of which constitute comparative fault and serve to bar and/or diminish plaintiff's right of recovery, if any, in direct proportion to the percentage of fault attributable to him.

## FIFTH DEFENSE

These defendants alternatively aver plead plaintiff's failure to mitigate damages if sufficient evidence is developed during discovery to justify same.

## SIXTH DEFENSE

Defendants alternatively plead that any injuries sustained by the plaintiff pre-existed the accident which is the subject of this litigation and/or occurred as a result of congenital or superseding causes if sufficient evidence is developed during discovery to justify same.

## SEVENTH DEFENSE

These defendants alternatively aver, if sufficient evidence is developed during discovery to justify same, that the plaintiff failed to comply with the "no pay, no play" statute, which serves to reduce his right of recovery, if any, in the amount of the minimum limits of financial responsibility required by the State of Louisiana.

## EIGHTH DEFENSE

These defendants affirmatively plead the terms, conditions and limitations of Ms. Mehta's rental agreement with EAN Holdings, LLC, document number 974066, any applicable rental agreements between Shell Oil Company and any company related to EAN Holdings, LLC and the ACE American Insurance Company policy of automobile liability insurance.

## NINTH DEFENSE

These defendants pray for TRIAL BY JURY on all issues.

WHEREFORE, these defendants pray that their Answer be deemed good and sufficient and after due delays are had that there be judgment against the plaintiff and in favor of these defendants, dismissing all claims against them, with prejudice, at plaintiff's costs, and for such general and equitable relief to which they are entitled.

Respectfully submitted,

*s/Donna Powe Green*
DONNA POWE GREEN (#19111)
Attorney for ACE American Insurance Company
Green Law Firm, P.A.
Post Office Box  17947
Hattiesburg, MS  39404-7947
(601) 271-9031

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 13, 2013, she has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and with the Clerk of Court using the ECF system which sent notification of such filing to counsel of record.

*s/Donna Powe Green*
DONNA POWE GREEN