UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

KIMON MITCHELL
PLAINTIFF

VERSUS                                                          NO. 3:13-CV-281-SDD-RLB

DIPTI MEHTA AND HER UNKNOWN INSURANCE
COMPANY, ABC INSURANCE COMPANY,
SHELL CHEMICAL, LP, AND THEIR INSURANCE
COMPANY, NATIONAL UNION FIRE INSURANCE
COMPANY AND ENTERPRISE RENT-A-CAR AND
THEIR INSURANCE
COMPANY, ACE AMERICAN INSURANCE COMPANY
DEFENDANTS

## RULING ON MOTION FOR MORE DEFINITE STATEMENT AND/OR MOTION TO STRIKE

Movant's Ace American Insurance Company ("Ace") and Depti Mehta move pursuant to Federal Rule of Civil Procedure 12 for a more definite statement or alternatively move to strike the following allegation of the Complaint:

> [that Dipti Mehta committed] such other acts and omissions as will be shown at the trial, all of which were in contravention of the exercise of due care, prudence and the laws of the State of Louisiana, Parish of Ascension."

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(e) permits a motion for more definite statement when "... a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading ..." Motions for more definite statement are disfavored in the

1

federal system.[1] To support a motion for more definite statement the complaint viewed as a whole must be "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[2]

Rule 8 of the Federal Rules of Civil Procedure, requires that a complaint "contain ... a short and plain statement of the claim showing the pleader is entitled to relief ..." The complaint in this case does so. The single allegation that reserves to plaintiff the right to seek relief for "other acts and omissions as will be shown at the trial" does not render the complaint "so vague or ambiguous that [the defendants] cannot reasonably be required to frame a responsive pleading." In fact the moving defendants have filed responsive pleadings.

Discovery is available to the movants to discern the acts and omissions upon which allegations of liability rest. If additional information is needed to prepare for trial, discovery is the proper procedure, not a 12(e) motion.[3]

For the foregoing reasons, movants Motion for More Definite Statement and alternative Motion to Strike, are denied.

Baton Rouge, Louisiana, this 1st day of July, 2013.

_____
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1] *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir.1959). *See generally* 5A C. Wright and A. Miller, *Federal Practice and Procedure* § 1377 (2nd ed.1990).
[2] *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.,* 235 F.R.D. 632, 633 (E.D. La. 2006), citing *Advanced Communications Technologies, Inc. v. Li,* No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) citing, *Bower v. Weisman,* 639 F.Supp. 532, 538 (S.D.N.Y.1986).
[3] *Federal Deposit Ins. Corp. v. Fidelity and Deposit Co. of Md.,* 118 F.R.D. 435, 437 (M.D.La.1988). *See also Fleming v. Transocean Offshore USA Inc.,* No. 04-2740, 2004 WL 2984325, at *2 (E.D.La. Dec. 14, 2004); *Perrilloux v. BP Oil Co./Amoco,* 2002 WL 746349, at *2 (E.D.La. April 25, 2002).